William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys for defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE G. MEYER, | ) |
|         Plaintiff, | ) ) ) |
| v. | ) ) |
| ARG ENTERPRISES, INC. aka STUART ANDERSON'S CATTLE COMPANY RESTAURANTS, | ) ) ) ) |
|         Defendant. | ) Case 3:05-cv-00239-TMB ) |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT, RICHARD BUTTON

COMES NOW defendant, ARG Enterprises, by and through counsel, RICHMOND & QUINN, and hereby files this motion in limine to exclude the testimony of plaintiff's expert, Richard Button.

As established in defendant's motion for summary judgment filed concurrently herewith, no code violation

occurred in the instant action. Simple negligence may be at issue, but not negligence per se. Mr. Button is an engineer who may have expertise in building regulations and design and construction issues (Exhibit A, Button's resume), yet his opinion on simple negligence is no better or worse than that of any other lay person.

According to Rule 702 of the Federal Rules of Evidence, testimony by experts is permitted where "scientific, technical, or other specialized knowledge will assist the trier of fact in issue . . . ." Fed. R. Evid. 702. Here, although Mr. Button may be an engineer with expertise in "residential and commercial building envelop failure . . . ." etc., he is not an expert in tripping and falling on a nearly level sidewalk. Consequently, the testimony of plaintiff's expert Richard Button, who would offer an opinion about code violations, would be both unnecessary and inappropriate. Mr. Button's opinion is unnecessary because building codes are not implicated and inappropriate because lay opinion on simple negligence is as valid as the opinion of Mr. Button. Simply put, expert testimony regarding how plaintiff tripped and fell would invade the province of the jury to decide the case; jurors, relying on their own common knowledge and experience, could consider the facts and, coupled with the testimony of

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

the lay witnesses, reach their own conclusions regarding liability. Nothing that Mr. Button would have to say would assist the jury in understanding the facts of this case. See Kline v. Ford Motor Co., 523 F.2d 1067, 1070 (9th Cir. 1975)[1] (the district court may properly refuse to admit expert opinion on the ultimate issue based on its assessment of the borderline value of the evidence to the jury). See also Johns Heating Serv. v. Lamb, 46 P.3d 1024 1038 n.60 (Alaska 2002)(citations omitted)(expert testimony is not required in non-technical situations where negligence is evident to lay people); 313 Am. Jur. 3rd Expert and Opinion Evidence § 203 (expert opinion testimony should not be permitted to invade the field of common knowledge or the province of the jury).

Accordingly, defendant respectfully requests that its Motion in Limine be granted, and that Mr. Button be excluded from testifying in this case.

---

[1] Kline also noted that "[w]e agree with Professor Wigmore that the appropriate criterion for receiving opinion evidence from a qualified witness is '[c]an a jury from this person receive appreciable help?'" Kline 523 F.2d at 1070 (quoting 7 J. Wigmore, Evidence (3rd ed. 1940 § 1923).

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT RICHARD BUTTON**
MEYER v. ARG ENTERPRISES, INC., CASE NO. 3:05-cv-00239-TMB
PAGE 3 OF 4

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

DATED this 22nd day of February, 2007, at Anchorage, Alaska.

> RICHMOND & QUINN
> Attorneys for Defendant
>
> By:  _____s/ William A. Earnhart_____
> RICHMOND & QUINN, PC
> 360 "K" Street, Suite 200
> Anchorage, Alaska 99501
> Ph:  (907) 276-5727
> Fax: (907) 276-2953
> wearnhart@richmondquinn.com
> Alaska Bar No. 9411099

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail on February 22, 2007 to:

Robert J. Jurasek
PENTLARGE LAW GROUP
1400 W. Benson Blvd., Ste. 550
Anchorage, Alaska 99503

_____/s/ William A. Earnhart_____
    RICHMOND & QUINN

2043\005\PLD\MOTION IN LIMINE

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

# RICHARD C. BUTTON, P.E.

## Expert Witness Qualifications

I, Richard C. Button, P.E. have conducted numerous investigations and evaluations into both residential and commercial building envelope failure, i.e., condensation problems, chronic roof leaks, or roof, floor and wall failures. I have provided expert witness testimony on several occasions for slip and fall accidents. I have been approved as a qualified expert witness and have testified before the Alaska State Courts on at least two occasions.

I have been a licensed engineer by the State of Alaska since 1981.

In 1973, I graduated from the University of Washington (Seattle, Washington) with a Bachelor of Science degree in Civil Engineering. I have over 30 years of professional engineering experience (29 years of which have been in Alaska).

I am the founding principal of EEIS Consulting Engineers, Inc., an Alaska corporation established in 1985.

EEIS Consulting Engineers, Inc. (EEIS) has been involved as either the prime consultant, structural consultant, or project engineer on a variety of structural and civil engineering projects in Alaska.

My services have included structural engineering for residential, commercial, and industrial design in wood, steel, concrete and masonry. I provide design management on all major EEIS projects. In that capacity I participate in the conceptual design and layout of projects and then coordinate the various disciplines during project design.

Exhibit A

Page 1 of 3 Pages

RICHARD C. BUTTON, P.E.
EXPERT WITNESS QUALIFICATIONS

I have been involved in the following cases in the last four years:

1) Brittain and Pentlarge - Scott vrs Mann    Reviewed file, discussed case. Case settled in mediation.

2) Brittain and Pentlarge - Gillespie vrs. Arctic Structures    Wrote report of opinion. Case pending.

3) Stone and Jenicek - Camille vrs Omni    Reviewed information and discussed case. Case pending.

4) LeGros, Buchanan & Paul - Godwin vrs Pacific Rim Property    Report and deposition. Case pending.

5) Bettine – Powell vrs Durango    Visited site, provided report, was deposed. Case pending.

6) Brittain and Pentlarge – Miller vrs Schwamm    Reviewed documentation of accident, did structural calclations, proivded written report. Case pending.

7) Stone and Jenicek - Turney vrs Haynes    Visited site, provided written report.

8) Stone and Jenicek - Wood vrs Torrance vrs Little Bear Construction    Visited site, provided verbal opinion.

9) Brittain and Pentlarge - Meyer vrs The Cattle Company    Visited site, provided report.

10) Pentlarge - Wright vrs Russian Jack Apartments    Visited site. Will provide report. Case pending.

11) Stone and Jenicek - Wasilla Case    Visited site, provided drawings / cross section of site and verbal opinion.

12) Stone and Jenicek - Alexie vrs Dong Joon Lim    Visited site and provided verbal opinion. Case pending.

Exhibit _A_
Page _2_ of _3_ Pages

Page 3 of 3 Pages

RICHARD C. BUTTON, P.E.
EXPERT WITNESS QUALIFICATIONS

13) Pentlarge – Adrian vrs Alyeska Prince Hotel    Visited site and provided written report. Was deposed.

14) Bucholdt – Moell vrs Matsu Borough    Visited site and provided written report.

15) Pentlarge – Breeze vrs Sinclair    Visited site and provided written report.

16) Pentlarge – Byers vrs Century Theaters    Wrote letter of professional opinion.

17) Stone and Jenicek – Cobb vrs CIRI vrs Waterworks    On hold.

        Richard C. Button, P.E. signature and seal at left has SUBSCRIBED AND SWORN TO before me this ____ day of _____, 2006, AT Anchorage, Alaska.

        Notary in and for the State of Alaska
        My commission expires:

Exhibit A
Page 3 of 3 Pages