William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys for defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE G. MEYER,<br><br>        Plaintiff,<br><br>v.<br><br>ARG ENTERPRISES, INC. aka STUART ANDERSON'S CATTLE COMPANY RESTAURANTS,<br><br>        Defendant. | Case 3:05-cv-00239-TMB |

**DEFENDANT ARG ENTERPRISES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II OF PLAINTIFF'S COMPLAINT, NEGLIGENCE PER SE**

COMES NOW defendant, ARG Enterprises, by and through counsel, RICHMOND & QUINN, and hereby moves, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, for partial summary judgment on Count II of plaintiff's complaint alleging negligence per se.

I.  **Facts**

Defendant, ARG Enterprises, a/k/a Stuart Anderson's Cattle Company Restaurants (Cattle Company), operates a restaurant at 300 West Tudor Road in Anchorage, Alaska. During the afternoon of January 7, 2005, plaintiff was a patron at the Cattle Company. Upon leaving the Cattle Company, plaintiff exited through the main doors, walked approximately fifty feet down the sidewalk, tripped, and fell.[1] As a result of the fall, plaintiff received a broken arm and various lacerations and abrasions.

In Count II of plaintiff's complaint, she alleges that the Cattle Company had a duty to warn plaintiff of the unsafe condition of the "entry/exit of the building . . . ." Complaint at 3. Accordingly, plaintiff alleges that defendant violated Section 1008.1.5 of the International Building Code. Having violated the IBC, plaintiff argues that the Cattle Company is liable to plaintiff under a theory of negligence per se.

---

[1] In an interrogatory answer, plaintiff states that she "*walked out the door* along the sidewalk beside the building and tripped on a lip of the sidewalk . . . ." (Exhibit A, Plaintiff's Answer to Interrogatory No. 11) The photograph in Exhibit B shows the area on the sidewalk where plaintiff allegedly tripped. The doorway is well to the background.

## II. Standard of Law

Summary judgment is appropriate when there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As the movant, defendant has the initial burden of establishing the absence of a genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986). All justifiable inferences are to be drawn in favor of defendant's, the non-movants. Dufay v. Bank of Am. N.T. & S.A. of Oregon, 94 F.3d 561, 564 (9th Cir. 1996). However, once a properly supported motion for summary judgment is made by defendant, the burden shifts to plaintiff to "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A mere "scintilla" of evidence will not be sufficient to defeat defendant's motion; instead, plaintiff must introduce some "significant probative evidence" tending to support the complaint. Id. at 252. If plaintiff's evidence is merely colorable or not significantly probative, summary judgment should be entered in favor of defendant. Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288 (9th Cir. 1987). Moreover, plaintiff's evidence must be admissible in order to defeat summary judgment. Beyene v.

Coleman Sec. Services Inc., 854 F.2d 1179, 1181-82 (9th Cir. 1988).

## III. Discussion

In Alaska, violation of a legislative enactment may constitute negligence per se. McLinn v. Kodiak Elec. Ass'n, Inc., 546 P.2d 1305 (Alaska 1975). Thus, "[t]he negligence per se doctrine provides that a person who *indisputably* violates a statute must be found negligent." Hummel v. Ardinger, 982 P.2d 727, 733-34 (Alaska 1999) (emphasis added).

In Ferrell v. Baxter, 484 P.2d 250, 263 (Alaska 1971), the Alaska Supreme Court adopted the principles of the Restatement (Second) of Torts concerning negligence per se:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part –
>
> (a)  to protect a class of persons which includes the one whose interest is invaded, and
>
> (b)  to protect the particular interest which is invaded, and
>
> (c)  to protect that interest against the kind of harm which has resulted, and
>
> (d)  to protect that interest against the particular hazard from which the harm results.

Ferrell v. Baxter, 484 P.2d 250, 263 (Alaska 1971)(quoting Restatement (Second) of Torts § 286 (1965).

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

In 2001, the Department of Public Safety, which has a statutory mandate to adopt safety regulations for public buildings, adopted the IBC. <u>Mechanical Contractors of Alaska, Inc. v. State of Alaska Dept. of Pub. Safety</u>, 91 P.3d 240, 242-43 (Alaska 2004). Plaintiff alleges in paragraph 4 of her complaint that defendant is negligent per se for violating Section 1008.1.5 of the IBC. Plaintiff's negligence per se allegation reads as follows:

> Pursuant to the International Building Code, Section 1008.1.5, defendant and/or their agents had a duty to maintain the walk areas so that a ½ inch maximum difference at door exists and also requires that changes in elevation that are greater than ¼ of an inch to be beveled to a slope not greater than one unit vertical in two units horizontal.

Plaintiff's complaint at ¶ 4.

However, section 1008.1.5, which plaintiff cites in her complaint, does not address any of the allegations referencing elevation changes at doorways. Rather, section 1008.1.5 discusses the widths of landings:

> **Landings at doors.** Landings shall have a width not less than the width of the stairway or the door, whichever is the greater. Doors in the fully open position shall not reduce a required dimension by more than 7 inches (178 mm). When a landing serves an occupant load of 50 or more, doors in any open position shall not reduce the landing to less than one-half its required width. Landings shall have a length measured in the direction of travel of not less than 44 inches (1118 mm.)

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

International Building Code, § 1008.1.5 (2003).

Given the disparity between § 1008.1.5 and the allegations in paragraph 4 of the complaint, it is unlikely that plaintiff intended to allege a violation of § 1008.1.5. Rather, plaintiff likely intended to reference § 1008.1.6, which states:

> **Thresholds.** Thresholds at doorways shall not exceed 0.75 inch (19.1 mm) in height for sliding doors serving dwelling units or 0.5 inch (12.7) for other doors. Raised thresholds and floor levels changes greater than 0.25 inch (6.4 mm) at doorways shall be beveled with a slope not greater than one unit vertical in two units horizontal (50 percent slope).

International Building Code § 1008.1.6. (2003).

Additionally, plaintiff's expert witness, Richard Button, referenced section 1008.1.6 in his report and in his deposition.[2] (Exhibit C, Button Deposition at 38-39) Regardless, neither section 1008.1.5 nor 1008.1.6 apply to this case. Those sections apply to thresholds at doorways and landings at doors. Here, however, it is undisputed that plaintiff's alleged mishap occurred on the sidewalk nearly 50 feet from the threshold/doorway.

In discussing this case, Mr. Button acknowledged that the sidewalk area could not be considered the threshold.

---

[2] For the court's convenience, a copy of the relevant sections of the International Building Code is attached. (Exhibit D).

In the following exchange at his deposition, Mr. Button stated as follows:

> Q. You would agree this sidewalk is not a landing or a threshold; is that a fair statement?
>
> A. Uh-huh.
>
> Q. That's a yes?
>
> A. Yes. **Beyond the swing of the door, it's not.**

Button Deposition at 41-42 (emphasis added).

Here, it is undisputed that the alleged accident, having occurred approximately fifty feet from the threshold was "beyond the swing of the door." In fact, Mr. Button notes in his deposition that the accident occurred "on the edge of the sidewalk . . . ." along the side of the building. (Button deposition at 24) Thus, neither section 1008.1.5, which regulates "landings at door" nor section 1008.1.6, which regulates "thresholds" apply to the facts raised in the complaint. Additionally, Mr. Button was unable to reference any other provision of the IBC which might be implicated. (Button deposition at 33-40) There being no violation of the IBC, plaintiff's allegation of negligence per se fails.

Additionally, the area of the sidewalk at which plaintiff allegedly tripped was apparently subject to frost heave and or settling. Mr. Button noted that frost heave in

Anchorage was not uncommon. Regarding the specific section of sidewalk at issue, Mr. Button stated that the slight difference between the adjoining concrete slabs was either due to frost heave or settling. (Button deposition at 35). Thus, even if an IBC code was at issue, the sidewalk was uneven because of frost heave or settling, and not because defendant "indisputably" violated a statue. <u>Hummel</u>, 982 P.2d at 733-34.

Finally, plaintiff did not allege in Count II that the sidewalk in question was the subject of improper design or construction so as to implicate the building codes. Building code issues are essentially design and construction issues. Here, however, there is simply no evidence nor is there any allegation that the sidewalk was designed and constructed in a manner that violated any code or regulation. The evenness of the sidewalk may have changed slightly over time due to the vagaries of frost heave and the action of freezing and thawing, but that does not implicate code violations regarding the original design and construction of the sidewalk. Plaintiff has simply failed to allege any law or regulation designed to protect her from tripping on a sidewalk. Essentially, the "conduct at issue" – an uneven sidewalk – does not lie "within the ambit of the statute or regulation in question . . . ." <u>State Mechanical, Inc. v. Liquid Air, Inc.</u>,

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

665 P.2d 15, 18 (Alaska 1983). Accordingly, negligence per se is not implicated.

## IV. Summary

Plaintiff has failed to allege any statute, code, or regulation that defendant violated. The facts establish that plaintiff did not trip in a threshold or entryway, but along the sidewalk at least 50 feet from the doorway. That area of the sidewalk was subject to frost heave. Regardless, defendant did not violate any regulation of any kind and under the undisputed facts, cannot be liable under a theory of negligence per se. There being no genuine issue of material fact, and defendant being entitled to judgment as a matter of law, defendant requests that its motion for partial summary judgment on Count II of plaintiff's complaint alleging negligence per se be granted.

## VI. Conclusion

Defendant respectfully requests that its Motion for Partial Summary Judgment on Count II of plaintiff's complaint alleging negligence per se be granted.

DEFENDANT ARG ENTERPRISES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II
OF PLAINTIFF'S COMPLAINT, NEGLIGENCE PER SE
MEYER v. ARG ENTERPRISES, INC., CASE NO. 3:05-cv-00239-TMB
PAGE 9 OF 10

DATED this 22nd day of February, 2007, at Anchorage, Alaska.

                RICHMOND & QUINN
                Attorneys for Defendant

By:     s/ William A. Earnhart
     RICHMOND & QUINN, PC
     360 "K" Street, Suite 200
     Anchorage, Alaska 99501
     Ph: (907) 276-5727
     Fax: (907) 276-2953
     wearnhart@richmondquinn.com
     Alaska Bar. No. 9411099

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail on February 22, 2007 to:

Robert J. Jurasek
PENTLARGE LAW GROUP
1400 W. Benson Blvd., Ste. 550
Anchorage, Alaska 99503

    /s/ William A. Earnhart
    RICHMOND & QUINN

2043\005\PLD\MTN FOR PSJ