Robert J. Jurasek, Esq. ASBA 9111071
PENTLARGE LAW GROUP
1400 W. Benson Blvd., Suite 550
Anchorage, Alaska 99503
Telephone (907) 276-1919
Fax:        (907) 276-8000
Attorneys for Plaintiff



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| MARLENE G. MEYER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARG ENTERPRISES, INC., aka ) <br> STUART ANDERSON'S CATTLE ) <br> COMPANY RESTAURANTS, ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. A05-0239 CV (JKS) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT TWO OF PLAINTIFF'S COMPLAINT, NEGLIGENCE PER SE** |

COMES NOW Plaintiff, Marlene G. Meyer, through counsel, Pentlarge law Group, and hereby files her Opposition to Defendant's Motion for Partial Summary Judgment on Count Two of Plaintiff's Complaint, Negligence Per Se.

### FACTS

On the afternoon of January 7, 2005 plaintiff had finished lunch at defendant's premises, Cattle Company. Plaintiff, while exiting the building, tripped on the covered sidewalk.

A complaint was filed in this matter on June 27, 2005. Count Two of plaintiff's complaint alleges Negligence Per Se and alleges the defendant violated building codes "including but limited to the International Building Codes". Exhibit One. Thus, plaintiff was alleging not only the International Building Code cited in the complaint but building codes in general.

Plaintiff retained an expert prior to filing the lawsuit who provided a draft report after he evaluated of the premises. Exhibit Two. Expert Report, May 9, 2005, Richard Button, P.E. Mr. Button specifically noted in his expert report that the changes in elevation in the sidewalk area violate the Uniform Federal Accessibility Standards. Although not reflected in the letter, the Municipality of Anchorage Building Code, Title 23.15.1106.4.4 and Anchorage Municipal Code Title 23.15.1106.6. address those standards. Exhibit Three. Thus, there is no question that defendant's building access via the covered sidewalk violated the Uniform Federal Accessibility Standards and the Anchorage Municipal Codes.

## STANDARD OF LAW

Summary Judgment is not appropriate on plaintiff's claim of Negligence Per Se. The attached exhibits and Affidavit of Richard Button reflect that the covered sidewalk of defendant violated the Uniform Federal Accessibility Standards and Anchorage Municipal Codes. Therefore, there is a genuine issue of fact on plaintiff's claim of Negligence Per Se. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Furthermore, plaintiff's evidence is clearly admissible as this court may take Judicial Notice of the Uniform federal Accessibility Standards as well as Anchorage Municipal Codes. Plaintiff's expert will be testifying live at trial and has provided an attached Affidavit reflecting the findings in his report dated May 9, 2005. See generally, Beyene v; See Services, Inc., 854F. 2d 1179, 1181-82 (9th Circuit 1988).

## DISCUSSION

The facts revealed in the attached exhibits and affidavit of Rick Button clearly shows that defendant was negligent per se. Although defendant attempts to allege the shifting of the concrete was not indisputably violating the statutes, defendant overlooks the real issue of allowing the concrete to remain in the condition it was which was an ongoing violation of the

building codes which needed to be remediated. Although defendant distinguishes the building code cited by plaintiff in the complaint, the defendant has never addressed the building code cited in plaintiff's expert report and delineated in the Anchorage Municipal Codes.

## CONCLUSION

Plaintiff respectfully requests that the Motion for Partial Summary Judgment be denied as there is clear evidence of defendant's Negligence Per Se in allowing an ongoing violation of the Federal Accessibility Standards and the Anchorage Municipal Codes.

DATED at Anchorage, Alaska, this 22 day of March 2007.

PENTLARGE LAW GROUP
Attorneys for Plaintiff

By: _____
Robert J. Jurasek
ABA # 9111071

Certificate of Service
I certify that a true and
correct copy of the foregoing
document was served by mail on

William A. Earnhart, Esq.
Richmond & Quinn
360 K. Street, Suite 200
Anchorage, Alaska 99501

_____
Cindy Buntz