IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MARLENE G. MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARG ENTERPRISES, INC., aka | ) |
| STUART ANDERSON'S CATTLE | ) |
| COMPANY RESTAURANTS, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3AN-05-_____ CI |

## COMPLAINT

COMES NOW the plaintiff, Marlene G. Meyer, by and through her counsel of record, PENTLARGE LAW GROUP, and hereby files her Complaint against the defendant, states and alleges as follows:

1. That plaintiff is a resident of the State of Alaska and has been at all times pertinent hereto.

2. Defendant ARG Enterprises, Inc., aka Stuart Anderson's Cattle Company Restaurants, upon information and belief is a duly licensed corporation doing business within the State of Alaska, Third Judicial District, at all times pertinent hereto. Also upon information and belief, said defendant owns the building at 300 W Tudor Road, where plaintiff fell.

### COUNT I
### NEGLIGENCE

3. On or about January 7, 2005, plaintiff was leaving Stuart Anderson's Cattle Company Restaurant, at 300 W Tudor Road, when she tripped and fell on an

Complaint
Page 1 of 4



uplifted portion of the concrete walkway adjacent to the premises of Stuart Anderson's Cattle Company.

Plaintiff sustained serious injury to her right wrist and face, which resulted in emergency treatment and surgery.

Plaintiff's fall and injuries were the direct and proximate result of defendant's negligence and/or defendant's agent's negligence in not maintaining the walkway, including but not limited to the International Building Code, Section 1008.1.5 (formally known as the Uniform Building Code).

## COUNT II
## NEGLIGENCE PER *SE*

4.  Pursuant to the International Building Code, Section 1008.1.5, defendant and/or their agents had a duty to maintain the walk areas so that a ½ inch maximum difference at door exists and also requires that changes in elevation that are greater than ¼ of an inch to be beveled to a slope not greater than one unit vertical in two units horizontal. The defendant individually breached that duty to properly maintain the premises, and/or common walkway and by allowing an unsafe uplift of the concrete walkway to exist.

5.  Plaintiff's fall and injuries were the direct and proximate result of defendant's negligence and/or defendant's agent's negligence in not maintaining the walkway, including but not limited to the International Building Code, Section 1008.1.5 (formally known as the Uniform Building Code).

Complaint
Page 2 of 4

EXHIBIT " 1 "
Page 2 of 4

## COUNT III
## FAILURE TO WARN

6. Defendant and/or their agents had a duty to warn patrons as they entered/exited the building of the unsafe conditions which could reasonably cause injury. The defendant breached that duty by failing to warn patrons of the uplifted portion of the concrete walkway of the common walkway entry/exit of the building regularly used by plaintiff and other patrons and by failing to rope off the unsafe walkway or otherwise provide reasonable visual notice of the unsafe condition.

7. Said failure to warn plaintiff of the dangerous conditions entering/exiting the building, failure to properly maintain the entry/exit of the building under the International Building Code, Section 1008.1.5, constitutes gross individual and joint negligence on the part of the defendant and/or their agents.

8. As a result of defendant's negligence, plaintiff has suffered damages including but not limited to, medical expenses, pain and suffering, loss of income, loss of enjoyment of life and other damages, in excess of $100,000.00, the exact amount to be proven at trail;

WHEREFORE, having stated her Complaint, plaintiff prays for judgment against defendants as follows:

1. Compensatory damages in the sum exceeding $100,000.00, the exact amount to be proven at trial;

2. For pre-judgment and post-judgment interest at the maximum rate allowable by law;

3. For plaintiff's costs and attorneys' fees incurred in pursuing this action;

4. For such other and further relief as the court may deem just and equitable.

DATED this 27 day of _____, 2005 at, Anchorage, Alaska.

PENTLARGE LAW GROUP
Attorneys for Plaintiff

By: _____
Robert J. Jurasek
ABA #9111071

Complaint
Page 4 of 4

EXHIBIT A
Page 4 of 4