Robert J. Jurasek, Esq. ASBA 9111071
PENTLARGE LAW GROUP
1400 W. Benson Blvd., Suite 550
Anchorage, Alaska 99503
Telephone (907) 276-1919
Fax:          (907) 276-8000
Attorneys for Plaintiff

RECEIVED
MAR 2 2 2007
CLERK, U.S. [DISTRICT COURT]
ANCHORAGE, AK.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| MARLENE G. MEYER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARG ENTERPRISES, INC., aka ) <br> STUART ANDERSON'S CATTLE ) <br> COMPANY RESTAURANTS, ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. A05-0239 CV (JKS) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT RICHARD BUTTON** |

COMES NOW Plaintiff, Marlene G. Meyer, through counsel, Pentlarge law Group, and hereby files her Opposition to Defendant's Motion in Limine to Exclude the Testimony of Plaintiff's Expert Richard Buttons.

Plaintiff's Opposition to Defendant's Motion for Summary Judgment confirms the violation of two Anchorage Municipal Codes and the Federal Accessibility Standards. Mr. Button is an engineer who is properly trained in building and designing as well as construction issues. Defendant's Exhibit A. Mr. Buttons has been identified as an expert and has provided an expert report in plaintiff's opposition. He will provide explanations of the appropriate building codes, their purposes, and the reasons for having compliance. His opinion will not be on simple negligence alone but will involve a detailed explanation of the building codes and accessibility codes and why

they exist and the purposes they serve, including to prevent trip hazards as addressed in his deposition. Exhibit One.

Mr. Buttons will have specialized and technical knowledge based on his training and education and should be allowed to testify pursuant to the Federal Rules of Evidence, Rule 702. Contrary to defendant's assertion, building codes and accessibility codes are implicated and addressed in this matter. Therefore, plaintiff respectfully requests this court deny defendant's Motion to Exclude the Testimony of Plaintiff's Expert, Richard Button. In the event the court decides the jury may be able to address the issues of Negligence Per Se and Negligence without the assistance of expert testimony, plaintiff would likewise file a Motion in Limine to Exclude defendant's Expert Peter T. Hupperton.

DATED at Anchorage, Alaska, this ___ day of March 2007.

PENTLARGE LAW GROUP
Attorneys for Plaintiff

By: _____
Robert J. Jurasek
ABA # 9111071

Certificate of Service
I certify that a true and
correct copy of the foregoing
document was served by mail on

William A. Earnhart, Esq.
Richmond & Quinn
360 K. Street, Suite 200
Anchorage, Alaska 99501

Cindy Buntz    3/22/07