William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys for defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE G. MEYER,<br><br>             Plaintiff,<br><br>v.<br><br>ARG ENTERPRISES, INC. aka STUART ANDERSON'S CATTLE COMPANY RESTAURANTS,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 3:05-cv-00239-TMB<br>) |

**DEFENDANT'S REPLY TO OPPOSITION RE MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT RICHARD BUTTON**

       Plaintiff's attempt to confuse the court with inapplicable and non-existent code provisions illustrates exactly why Count II of plaintiff's complaint should be dismissed and plaintiff's expert should not be allowed to testify at trial. Plaintiff and her alleged expert are playing fast and loose with this court and the applicable law.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Prior to motion practice, plaintiff not only had not plead, but had not disclosed the code provisions upon which plaintiff is now arguably relying. Plaintiff's complaint is very specific and alleges a violation of the International Building Code, § 1008.1.5. Plaintiff's Exhibit 1 at ¶ 7. Plaintiff's expert disclosures again indicate a violation of that code section and refers to the Uniform Accessibility Standards. Plaintiff's expert Richard Button, however, admitted that this provision of the International Building Code was *inapplicable* to the condition in question, and apparently that claim has been dropped by plaintiff.

Plaintiff now raises the ADA Accessibility standards, which plaintiff's expert also admits are not adopted by the Municipality of Anchorage:

> Q. Okay, Currently today are these ADA standards attached to your report adopted by the Municipality of Anchorage in any form?
>
> A. Let me take a minute, look, see what I've got here.
>
> This particular code here probably is not. But there would be a very similar and analogous section contained within the code that is adopted.

Deposition of Richard Button, pp. 28-29. He later admits that there is only "an assumption" within the codes that floors and

sidewalks be level. See deposition of Richard Button, pp. 38-41 (Exhibit A).

The Uniform Accessibility Standards cited by plaintiff's expert have not been adopted in Alaska or in Anchorage. On their face, they apply to the General Services Administration, Department of Defense, Department of Housing and Urban Development, and the U.S. Postal Service. See plaintiff's Exhibit 2 at p. 7. Plaintiff cites Anchorage Municipal Codes §§ 23.15.1106.4.4, and 23.15.1106.6, which were not disclosed or discussed prior to plaintiff's opposition brief. However, the current Anchorage Municipal Code does not contain these sections.

> 23.15.1106 - Parking and Passenger Loading Facilities. Accessible parking and passenger loading facilities shall be provided in accordance with Title 21.

See Exhibit B.

Nor did plaintiff's cited provisions exist in the code prior to the latest (2005) revision, Exhibit C. Plaintiff's Exhibit 3 appears to be a section of proposed municipal code which was never adopted. Plaintiff apparently accessed these provisions at www.muni.org\iceimages\BSD\access1. "Access1" is one of the

hundreds of documents cached in this location by the municipality. "iceimages/BSD/" continues of all documents linked to the building safety division website since approximately 2000. It contains memos, photographs, proposed ordinances, and numerous materials of no legal or evidentiary value.

Even if the court were to view plaintiff's statutes as accessibility standards, the court would find that they have no applicability to this situation. Access1, if it were the law, simply requires wheelchair accessible pathway into the restaurant. It does not require that all "pathways" be wheelchair accessible. There must be at least one curb cut and flat pathway to 50% of the entrances to the building. It does not provide requirements for all sidewalks. See Exhibit D, selected portions of "Access1."

Exhibit D. Section 21.15.1101.2 "design" indicates that these provisions are applicable to new designs and construction, i.e., that old facilities are grandfathered in. It defines accessible route of travel as "a continuous unobstructed path collecting all accessible elements and spaces in an accessible building or facility that can be negotiated by a person using a wheelchair and that is usable

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

by persons with other disabilities." See 23.15.1102 definitions, i.e., it defines a single path and does not refer to the entire facility. This is further defined in Section 23.15.1103.2.2, Accessible Route of Travel, which also indicates that they key provision is there be curb cuts and other flat or ramp spaces for people with wheelchairs. It does not indicate that the entire facility or all of its grounds be perfectly flat. In fact, we all know curbs exist all around Anchorage and even in new construction. The regulations require an accessible route. If there were any doubt as to whether these provision were broadly applicable, Section 23.15.1103.2.3 indicates that businesses such as the Cattle Company only need to provide access to half of their entrances. Plaintiff was provided an access of travel to her car had she been in a wheelchair. The fact that at one point in the 20-foot wide sidewalk at the corner of the building, there was a variation of ¾ of an inch, has no applicability to these access standards. There was no way that plaintiff can present evidence that the Cattle Company "indisputably" violated any statute as required for a negligence per se instruction.

Plaintiff has also not addressed the fact that the alleged code violations are design and construction standards. It is clearly negligence per se to not design or construct a building or other facility without being in accordance with the building code. A defendant is not negligent, however, where a building built to code comes out of a code due to the actions of nature. Under plaintiff's theory, anytime a frost heave or other action of nature causes a building to come out of compliance with the code, the landowner is automatically negligent per se regardless of what protections the landowner has taken, what risk is presented by the deficiency, and whether the landowner has had any time to remedy said deficiency.

Plaintiff's opposition illustrates exactly why plaintiff's negligence per se cause of action should be dismissed and plaintiff's expert should not be allowed to testify plaintiff is simply confusing the issues under Evidence Rule 403. Negligence per se instruction and expert testimony for code violations are intended to address clear violations of the code and to outline the standard of care. They are not, however, intended to confuse the jury with "analogous" provisions or inapplicable access standards.

## Conclusion

Plaintiff's cited municipal code provisions that do not exist, and even if they did exist, would not be applicable to this situation as a clear path of access was provided to plaintiff. Further, plaintiff has not pled nor informed defendant that such code provisions would be relied upon for a negligence per se instruction.

DATED this 29th day of March, 2007, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendant

By:   s/ William A. Earnhart
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com
Alaska Bar. No. 9411099

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail on March 29, 2007 to:

Robert J. Jurasek
PENTLARGE LAW GROUP
1400 W. Benson Blvd., Ste. 550
Anchorage, Alaska 99503


    /s/ William A. Earnhart
    RICHMOND & QUINN

2043\005\PLD\REPLY (BUTTON)

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953