William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys for defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE G. MEYER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ARG ENTERPRISES, INC. aka STUART ANDERSON'S CATTLE COMPANY RESTAURANTS, | ) ) ) ) |
| Defendant. | ) Case 3:05-cv-00239-TMB ) |

## TRIAL BRIEF

As the court is aware from the briefing and its proposed pretrial order, there is very little in dispute in this case. Plaintiff tripped and fell January 7, 2003 outside of the Cattle Company restaurant owned by defendant in Anchorage, Alaska. Plaintiff did not lose consciousness and had abrasions on her face and hands. She was subsequently diagnosed with a broken wrist and broken orbital bone and has

incurred $23,161.64 in medical bills as a result of the accident.

In dispute is whether the premises and specific two offset pieces of cement making up the sidewalk constitute negligence on behalf of American Restaurant Group and whether that is the cause of plaintiff's injuries. Also in dispute is whether plaintiff was comparatively negligent.

Still pending before the court is defendant's motion on negligence per se and to exclude plaintiff's code compliance expert. Also in dispute is whether plaintiff is entitled to future medical damages or future pain and suffering. To date, plaintiff has disclosed in her deposition that she was healed from the accident and did not expect any further treatment or problems.

There are very few evidentiary issues to be determined. Defendant has objected to plaintiff's medical bills and medical records coming into trial as the injuries and the amount of damages have been stipulated. The defendant does not object to the authenticity of these documents. Defendant simply believes that they are irrelevant to the dispute and a waste of time. Plaintiff has objected to three of defendant's proposed exhibits. Plaintiff has objected to

the accident report and Ms. Meyer's recorded statement taken shortly after the accident based on plaintiff's belief that these were not produced in discovery. It is unclear whether the accident report was produced in discovery, however the recorded statement is not only referred to in defendant's discovery responses, but is also Exhibit C to plaintiff's deposition and was discussed at length in her deposition on April 17, 2006. Plaintiff has also objected to defendant's use of photographs of plaintiff's own business premises.

      Plaintiff Marlene Meyer is the owner of a motel and bar located here in Anchorage. The burden of proof all but requires plaintiff to state that the condition of defendant Cattle Company's sidewalk fell below the standard of care for an ordinary landowner. Further, on the issue of comparative negligence, whether plaintiff should be expected to observe the condition of the ground before her and whether she should expect such imperfections in the walking surfaces. The condition of plaintiff's own premises are very probative on this issue as they show that plaintiff is aware of, and has knowledge that, ice and snow in the freeze/thaw cycle make sidewalks, parking lots, and other surfaces irregular and subject to defects on a regular basis of which she must be

aware and impeaches her own testimony that she believes that the Cattle Company premises fell below the standard of care for a landowner.

DATED this 23rd day of April, 2007, at Anchorage, Alaska.

                RICHMOND & QUINN
                Attorneys for Defendant

By:    s/ William A. Earnhart
     RICHMOND & QUINN, PC
     360 "K" Street, Suite 200
     Anchorage, Alaska 99501
     Ph:  (907) 276-5727
     Fax: (907) 276-2953
     wearnhart@richmondquinn.com
     Alaska Bar No. 9411099

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 23rd day of April, 2007 to:

Robert J. Jurasek
PENTLARGE LAW GROUP
1400 W. Benson Blvd., Ste. 550
Anchorage, Alaska 99503


   /s/ William A. Earnhart
      RICHMOND & QUINN


2043\005\PLD\TRIAL BRIEF


**TRIAL BRIEF**
MEYER v. ARG ENTERPRISES, INC., CASE NO. 3:05-cv-00239-TMB
PAGE 4 OF 4