JURY INSTRUCTION NO. \_\_\_\_\_

The plaintiff, Marlene G. Meyer, claims that she was harmed because of the negligence of the defendant, ARG Enterprises, Inc., and wants compensation from the defendant for the harm.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely true than not true:

1. that defendant was negligent;

2. that the negligence was a legal cause of the plaintiff's harm; and

3. that the plaintiff was actually harmed.

I will later define negligence and legal cause for you.

Alaska Pattern Jury Instruction No. 3.01

JURY INSTRUCTION NO. \_\_\_\_\_

The defendant claims that the plaintiff's harm resulted, in whole or in part, from the plaintiff's own negligence.

In order to find that plaintiff was comparatively negligent, you must decide that it is more likely true than not true:

(1) that the plaintiff was negligent; and

(2) that the negligence was a legal cause of plaintiff's harm.

Instructions on the verdict form will tell you what to do if you decide that both the defendant and the plaintiff were negligent.

Alaska Pattern Jury Instruction No. 3.02

JURY INSTRUCTION NO. \_\_\_\_\_

I will now define negligence for you. Negligence is the failure to use reasonable care. Reasonable care is that amount of care that a reasonably prudent person would use under similar circumstances. Negligence may consist of doing something which a reasonably prudent person would not do, or it may consist of failing to do something which a reasonably prudent person would do. A reasonably prudent person is not the exceptionally cautious or skillful individual, but a person of reasonable and ordinary carefulness.

In this case, you must decide whether the defendant used reasonable care under the circumstances.

Alaska Pattern Jury Instruction No. 3.03A

JURY INSTRUCTION NO. \_\_\_\_

## DUTY OF A LANDOWNER

In Alaska, a landowner or owner of other property must act as a reasonable person in maintaining his property in a reasonably safe condition in view of all of the circumstances including the likelihood of injury to others the seriousness of the risk of injury and the burden on the respective parties in avoiding risk.

Webb v. City & Borough of Sitka, 561 P.2d 731 (Alaska 1977)

JURY INSTRUCTION NO. \_\_\_\_

I will now define "legal cause" for you. A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

(1) the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

(2) the harm would not have occurred but for the act or failure to act.

There is, however, one exception to the requirement that the harm would not have occurred but for the act, or failure to act, of the defendant. If two forces operated to cause the harm, one because of the defendant and the other not, and each force by itself was sufficient to cause the harm, then the defendant's act or failure to act is a cause of the harm if it was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it.

Alaska Pattern Jury Instruction No. 3.06

JURY INSTRUCTION NO. ____

If you decide in favor of the plaintiff, you must then decide how much money, if any, will fairly compensate the plaintiff. I will list for you the items of loss claimed by the plaintiff. You may not assume because I list an item of loss or explain how to measure a particular loss that you are required to make an award for that loss. For each item of loss you must decide that it is more likely true than not true that:

1. the plaintiff had such a loss or is reasonably probable to have such a loss in the future, and

2. the loss was legally caused by the conduct of the defendant.

If both of these things are more likely true than not true, you must then decide how much money will fairly compensate the plaintiff for that item of loss. If you do not conclude that both of these things are more likely true than not true for a particular item of loss, you may not make an award for that loss. You should add up any awards for all items and record the sum on your verdict form.

The items of loss claimed by the plaintiff fall into four categories known as past economic losses, future economic losses, past non-economic losses and future non-economic losses. Medical expenses are known as economic losses. Pain and suffering, loss of enjoyment of life, and inconvenience are known as non-economic losses.

I will now explain how to measure each of these claimed items of loss.

Alaska Pattern Jury Instruction No. 20-01A

JURY INSTRUCTION NO. \_\_\_\_

The first item of economic loss claimed by the plaintiff is the reasonable expense of necessary medical care from January 7, 2005 to May 23, 2007. [In fixing this amount, "medical care" includes treatment by the following providers:

First Care Medical Center;

John Duddy, M.D.;

Providence Alaska Medical Center;

Ophthalmic Associates, APC;

Geneva Woods Ear, Nose & Throat;

Scott Kiester, M.D.;

Talita S. Ikahihifo, M.D;

Alaska Radiology Associates;

Providence Imaging Center;

Providence Anchorage Anesthesia;

Sears Eye Care Center;

Fred Meyer Pharmacy; and

Carrs Pharmacy.

The parties stipulate that plaintiff incurred past medical expenses in the amount of $23,161.64.

Alaska Pattern Jury Instruction No. 20-02A

JURY INSTRUCTION NO. ____

The second item of economic loss claimed by the plaintiff is the reasonable expense of necessary medical care reasonably probable to be received in the future. In order to award damages for a future medical expense, you must find that

(1) the expense is reasonably necessary;

(2) the expense is reasonably certain to occur; and

(3) the evidence provides you with a reasonable basis for estimating the amount of the expense.

In deciding how long the plaintiff may have medical expenses in the future you may need to consider her current life expectancy.

In fixing this amount, "medical care" includes: (insert any claimed services or items which the Court determines are "medical care", such as nursing care, drugs, etc.).]

The sentence on life expectancy should be given only if it is claimed that the medical expenses will continue for the rest of the plaintiff's life. In that event, Instruction 20.13 (Life Expectancy) should also be given.

The last bracketed sentence allows the trial judge to specify what is included in medical care where doing so will assist the jury.

Alaska Pattern Jury Instruction No. 20-02B

JURY INSTRUCTION NO. _____

The third item of loss claimed by the plaintiff is for non-economic losses. You may award the plaintiff a fair amount to compensate the plaintiff for pain and suffering, loss of enjoyment of life, and inconvenience resulting from the injury. Such an award should fairly compensate the plaintiff for the non-economic losses she has experienced from the date of the injury until the date of trial and for non-economic losses that she is reasonably probable to experience in the future. In deciding how long the plaintiff may experience such losses in the future, you may need to consider her current life expectancy.

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses. You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.

Alaska Pattern Jury Instruction No. 20-06

JURY INSTRUCTION NO. _____

    As I have instructed you, you may decide it is reasonably probable that the plaintiff will have some future non-economic losses resulting from the accident.  In fixing an amount for future non-economic losses, you must disregard the fact that any amount you award the plaintiff may be paid before the actual loss occurs.  You must also disregard the fact that the value of money may change over time.


Alaska Pattern Jury Instruction No. 20-10

JURY INSTRUCTION NO. \_\_\_\_

In fixing the amount of compensation for some items of loss you may have to decide the life expectancy of the plaintiff, either as it was prior to the accident and what it is now after the accident. I will now explain how you are to do this.

You have available as evidence what is called a table of mortality. According to the table, the life expectancy of a female person aged 65 is (insert number from table) years. The table tells you the average life expectancy of persons of a particular age and sex. Many persons live longer and many die sooner than the average.

You should assume the figure in the table represents the probable life expectancy of the plaintiff unless there is other evidence such as her occupation, health, family history, habits, and other activities from which you can reasonably conclude that the plaintiff's life expectancy is longer or shorter than average.

Alaska Pattern Jury Instruction No. 20-13

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE G. MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARG ENTERPRISES, INC. aka STUART | ) |
| ANDERSON'S CATTLE COMPANY | ) |
| RESTAURANTS, | ) |
| | ) |
| Defendant. | ) Case 3:05-cv-00239-TMB |
| | ) |

### SPECIAL VERDICT FORM

We, the jury in the above entitled case, find the following special verdict submitted to us in the above captioned case.

1. Was defendant, ARG Enterprises, Inc. negligent in maintaining the concrete walkway wherein plaintiff, Marlene G. Meyer, tripped over the raised concrete edge and fell?

Answer "yes" or "no." Answer: _____

If you answered the above question "no", do not answer any further questions. Your foreperson should date and sign this verdict form.

However, if you answered "yes" to question number one, please answer question number two.

2. Was the negligence of defendant, ARG Enterprises, Inc., a legal cause of the injuries to plaintiff?

Answer "yes" or "no." Answer: _____

If you answered the above question "no", do not answer any further questions. Your foreperson should date and sign this verdict.

However, if you answered "yes" to question number two, please answer question number three.

3. What are the damages suffered by plaintiff, Marlene G. Meyer, as a legal result of the accident?

    (a) Past Medical Expenses    $_____

    (b) Past Non-Economic Damages    $_____
        Pain and Suffering, Loss of
        Enjoyment of Life, and
        Inconvenience

    (c) Future Medical Expenses    $_____

    (d) Future Non-Economic Damages    $)_____
        Pain and Suffering, Loss of
        Enjoyment of Life, and
        Inconvenience.

4. What percentage of comparative fault, if any, does plaintiff, Marlene G. Meyer, share in this fall.

Answer:_____