William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys for defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE G. MEYER,<br><br>    Plaintiff,<br><br>v.<br><br>ARG ENTERPRISES, INC. aka STUART ANDERSON'S CATTLE COMPANY RESTAURANTS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 3:05-cv-00239-TMB<br>) |

**SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR NEGLIGENCE PER SE**

  Plaintiff is intentionally confusing, clouding, and misleading the court on the issue of whether a code violation existed.

  As the court will recall, plaintiff was exited the Stuart Anderson's Cattle Company restaurant and was approximately 50 feet from the door when she tripped and fell. At this location due to frost heaving, settling or other natural conditions two pieces of cement in the sidewalk were offset ¾ of an inch. Exhibit D to Motion for Partial Summary Judgment. The jury is faced with the simple question of negligence. Was this an unreasonably dangerous condition? Should Cattle Company have

recognized the condition and repaired it? Was plaintiff comparatively negligent? This is an issue of <u>maintenance</u> or repair, ***not*** design or construction. Plaintiff has further confused the issue by trying to apply inapplicable design standards to this sidewalk.

A history of the claim and the briefing is in order. Plaintiff's complaint alleges violation of International Building Code (IBC) Section 1008.1.5 as was referenced in plaintiff's expert disclosures along with no other code sections. Defendant's original motion asks for negligence per se to be dismissed as the code clearly states and plaintiff's expert Mr. Button admitted, this section was applicable to "thresholds" and not to other parts of the sidewalk other than by analogy. <u>See</u> Defendant's Motion for Partial Summary Judgment, Docket 28, at pp. 6-8. As noted in the same briefing, Mr. Button was deposed and was asked at length and could not identify any other code provisions which might be applicable to the situation.

Plaintiff opposed defendant's motion on negligence per se and impliedly conceded that defendant was correct that IBC Section 1008 did not apply. Plaintiff's new tact was that Mr. Button was mistaken, it is actually the "Federal Accessibility Standards" and Anchorage Municipal Code Section 23.15.1106.4.4 and 23.15.1106.6 that were violated. Plaintiff attached no code sections other than a document that turned out to be not adopted by the Municipality. As defendant pointed out in its reply, the newly cited Municipal code provisions had not been adopted by the Municipality, and even if they had were inapplicable to this case. Defendant further pointed out that the federal standards were not applicable to this situation. Defendant's reply at Docket 46.

Now, in supplemental briefing, plaintiff has implicitly conceded that AMC 23.15 is not applicable to this situation and has conceded that federal standards are restricted to federal properties and "it is not applicable in this case." Plaintiff's supplemental briefing, Exhibit 1 at p. 1. Plaintiff has now come full circle and without

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

providing explanation or how IBC Section 1008 could be applicable in this case. IBC Sections 1008 1.4 through 1.6 address landings and thresholds. Defendant has attached this code section for the court to review (Exhibit A, p.2) to see that it is clearly applicable to landings and only areas within the swing of the doorway, which Mr. Button previously conceded in his deposition was not applicable to this case:

> Q. You would agree this sidewalk is not a landing or a threshold; is that a fair statement?
>
> A. Uh-huh.
>
> Q. That's a yes?
>
> A. Yes. **Beyond the swing of the door, it's not.**

Button deposition at 41-42 (emphasis added), Exhibit C to Defendant's Motion for Partial Summary Judgment.

Plaintiff's brief goes back to the IBC section which was previously conceded to be inapplicable and only addresses thresholds. It also claims some allegedly relevant ANSI standards regarding accessibility apply in this case. Rather than providing actual sections of code, plaintiff has provided a letter from his expert providing excerpts of several code sections out of context. It should be noted that Mr. Button's letter is **not in affidavit format**. Apparently, Mr. Button has grown tired of swearing he understands the code only to be shown to be incorrect.

Defendant's counsel could not find where these ANSI standards were adopted by the Municipality or the state of Alaska. In fact, the International Building Code in its cross referenced table to ANSI standards does not refer to A117.1-98. See IBC Chapter 35 pp. 581-82 (Exhibit A, pp.6-7). Further, plaintiff does not reference International Building Code Section 3409.7.12 regarding accessibility for existing buildings, which allows "thresholds" to be up to ¾ of an inch. (Exhibit A, pp.3-5). Thus, even if accessibility standards and the standards for thresholds had any

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

applicability to this situation, the sidewalk would still be within compliance. Not only is this building grandfathered, as noted above and in previous briefing, these are design and construction standards and do not have applicability to on-going maintenance due to natural conditions. Plaintiff's claimed provisions are further not applicable as this is not a "accessibility" issue.

As discussed to some length in defendant's original reply brief, the accessibility standards require **a** path of egress. They do not require that every path of egress be in compliance. Under Mr. Button's interpretation of the code, all curbs above ½ inch, all steps and all other aspects that might not be easily passable to a wheelchair are code violations; this is simply not true. As noted in previous briefing, Cattle Company only needs handicapped accessibility from one of its two entrances and only needs an accessible path, i.e., from the parking lot, through a curb cut, across the sidewalk, and in through a set of doors. There can be other non-accessible routes for pedestrian travel, including over the curbs, up stairs, and through doors that are narrower than would allow wheelchair access. Not every route need be passable to a wheelchair, just a route. Defendant has attached the ANSI Accessibility Standards as Exhibit B. The court should note that the scope of applicability of these standards to existing construction are governed by local statute, P.5 Section 201. More importantly the purpose of these standards is to provide access to the handicapped, P.1 Section 101. Thus, plaintiff is not within the "class of persons which includes the one whose interest was invaded" as required for a negligence per se instruction. Farrell v. Baxter, 484 P.2d, 250, 263 (Alaska 1971), quoting the Restatement (Second) of Torts. The ANSI standards also protect allow access, not to protect from injury. Id.

The court should review the whole of ANSI 117.1-1998 section 301 et. seq. as it is clear these sections are about wheelchair access and not pedestrian safety.

"Accessible route" is defined on P.2, ANSI 117.1-1998 Section 401, et. seq. further defines this term. Section 403 makes it clear "accessible route" standards are

not applicable to all "walking surfaces." As noted above, defendant needs an accessible route, not all routes need be "Accessible" under the handicapped accessibility standards cited by plaintiff. Plaintiff should have used the other 12′ of sidewalk if she were in a wheelchair. See Exhibit D to Partial Summary Judgment Motion.

Plaintiff should pay fees. Plaintiff has sent defendant and this court on a wild goose chase to find municipal code sections that don't exist, documents that don't exist, and research various inapplicable standards. By the time briefing is finalized on this, defendant will have spent more than $5,000 in attorney's fees on this motion in Limine. Plaintiff should bear all of these costs for their gamesmanship in this case pursuant to Civil Rules 11 & 37, and the court's inherent powers.

DATED this 21st day of May, 2007, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendant

By:     s/ William A. Earnhart
RICHMOND & QUINN, PC
wearnhart@richmondquinn.com
Alaska Bar No. 9411099


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 21st day of May, 2007 to:

Robert J. Jurasek
PENTLARGE LAW GROUP
1400 W. Benson Blvd., Ste. 550
Anchorage, Alaska 99503

      /s/ William A. Earnhart
RICHMOND & QUINN

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953