William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys for defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE G. MEYER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARG ENTERPRISES, INC. aka STUART )<br>ANDERSON'S CATTLE COMPANY )<br>RESTAURANTS, )<br>)<br>Defendant. ) | Case 3:05-cv-00239-TMB |

**MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST AND PREVIOUSLY UNDISCLOSED TESTIMONY**

COMES NOW defendant, ARG ENTERPRISES, INC., by and through counsel, and asks this court to exclude Plaintiff's Supplemental Exhibit List and testimony of her Dr. Todd Parrish in regard to a previously undisclosed medical visit. This examination which occurred three months prior to the

close of discovery and exchange of exhibits, but was not disclosed to defendant's counsel.

I.  Introduction

Marlene Meyer slipped and fell at the Cattle Company Blank Angus Restaurant in Anchorage, Alaska on January 7, 2005. As a result of her accident, plaintiff visited a number of medical providers, including Todd Parrish, MD, who performed surgery on her eye and nasal cavity.

The original scheduling and planning order in this matter was issued on November 4, 2005, pursuant to Civil Rules 26 through 37 and District of Alaska Local Rules 30.1, 32.1 and 37.1. It originally contemplated discovery to be completed by August 1, 2006, including all depositions including what lawyers call "perpetuation depositions." Id. at ¶¶ 6 & 11. A certificate of readiness for trial was filed by plaintiff on December 7, 2006. Although there were several discussions regarding the status of the matter, a pretrial order was issued on February 13, 2007, Docket Number 25. This provided the exhibit lists would be exchanged on or before March 19, 2007. Id. Due to another number of extensions and date conflicts, the joint draft proposed pretrial order including plaintiff's exhibit list, was exchanged on February

16, 2007, Docket Number 50, plaintiff's exhibit list which was resubmitted by plaintiff on April 23, 2007 to conform with the Federal Court Administrative Rules. On April 24, 2007, the parties met at the Federal Courthouse and under the supervision of Elisa Singleton, exchanged exhibits. On April 30, 2007, at the final pretrial hearing, the parties informed the court that discovery was completed and that other than the outstanding motion in limine, the case was ready for trial.

Plaintiff's records provided to defendant, as well as plaintiff's exhibit of Dr. Parrish's records, included no visits after April 7, 2005. See Exhibit A. In fact, it included one follow-up note of January 26, 2007 from Dr. Parrish, which indicates that Ms. Meyer thus stated: **"I do not think her fall caused any permanent damage, problems, or limitations . . ."** Id.

On April 30, 2007, plaintiff noticed the "perpetuation" deposition of Dr. Parrish to take place on May 17, 2007. Although perpetuation depositions are in violation of the pretrial order and in fact in violation of local rules 16.1(c)(4), defendant can understand the difficulty of scheduling physicians for trial and the significantly additional costs that will be incurred. For these reasons and

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

the fact that defendant did not move to quash the deposition because Dr. Parrish's testimony would also be helpful to defendant. At that deposition on May 17, 2007, Dr. Parrish provided defendant, for the first time, information that Ms. Meyer had visited his office on February 12, 2007 and in fact a record had been created. See Exhibit B. As noted above, this record (more than three months old at the time) had never been disclosed to defendant prior to the perpetuation deposition. Defendant objected at the deposition to Dr. Parrish testifying in regard to his findings of the February 12 visit. Plaintiff now has sought to provide a supplemental disclosure on May 31, 2007 two weeks after the deposition and supplement her exhibit list on June 5, 2007, with these records. This is months after the close of discovery and a month after the exchange of exhibits.

II. Law

Sanctions for violation of pretrial orders and for the failure to disclose records lies within the discretion of the trial court. Under Fed. R. Civ. P. 16(f), court have a broad discretion to use sanctions where necessary to ensure not only that lawyers and parties refrain from bad behavior, but that they fulfill their duties to ensure expeditious and

sound management of preparation of cases for trial. Martin Family Trust v. HECO/Nostalgia Enterprises Company, 186 F.R.D. 601, 602-03, 44 Fed. R. Serv. 3d 404 (E.D. Calif. 1999) and the cases cited therein. It is common for courts to exclude the use of evidence at trial that was not timely disclosed. In fact courts have entered that sanction on almost identical circumstances to this case. See, e.g., Book v. Nordrill, Inc., 826 F.2d 1457, 1461 (Ct. Appeals 5 1987)(The court did not abuse discretion in striking a portion of testimony of plaintiff's physician witness where physician examined plaintiff five months after close of discovery and plaintiff did not disclose physician's report until the day before trial when physician's deposition was taken.) See also, Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008-09 (Ct. Appeals 8 Argument 1998).

There is no question that plaintiff violated the pretrial order in the non-disclosure of Dr. Parrish's records. This violation in fact appears to be intentional. Plaintiff did not see Dr. Parrish from April 2005 until immediately before trial preparation. Exhibit A. On January 26 plaintiff's counsel inquired of Dr. Parrish as to plaintiff's current and future medical condition to which Dr. Parrish

replied in a letter that he thought she should have made a full recovery. Exhibit B. apparently, as a result of Dr. Parrish's January 26, 2007 letter, plaintiff scheduled a follow-up visit on February 12, 2007, which would clearly be in preparation for this case and in response to the January 26 letter. Although this visit occurred on February 12, plaintiff did not disclose these documents, either at the close of discovery, at the exchange of exhibits or even at the notice of Dr. Parrish's deposition. These documents were not known to defense counsel until after the start of the deposition while on the record.

Defendant is significantly prejudiced by plaintiff's apparently intentional violation of the pretrial order. Dr. Parrish's record that plaintiff may have a nasal obstruction or other problems as a result of the accident is obviously highly prejudicial to defendant's case and directly contradictory to the records provided prior to the deposition. Defendant would never have agreed to the perpetuation of Dr. Parrish's testimony had defendant known that these records existed. Further, defendant was not allowed sufficient time in which to prepare to cross-examine Dr. Parrish in regard to this record. For these reasons, the court should exclude Dr.

Parrish's February 12, 2007 report and any and all references to plaintiff's visit on that day and any of Dr. Parrish's findings regarding that examination.

DATED this 13th day of June, 2007, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendant

By:   s/ William A. Earnhart
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com
Alaska Bar No. 9411099

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 13th day of June, 2007 to:

Robert J. Jurasek
PENTLARGE LAW GROUP
1400 W. Benson Blvd., Ste. 550
Anchorage, Alaska 99503

   /s/ William A. Earnhart
      RICHMOND & QUINN

2043\005\PLD\STRIKE EXHIBIT LIST (MOTION)